IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-06-169 (1) |
| | § | |
| ARACELY VELA. | § | |

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE
AND DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS***

Pending before the Court is Defendant Aracely Vela's ("Vela") motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the 2007 Guideline Amendment 9.  (Docket Entry ("D.E.") 70.)   The motion and an accompanying motion to proceed *in forma pauperis* were received by the Clerk on December 31, 2007.

The statute under which Vela files her motion for reduced sentence, 18 U.S.C. § 3582(c)(2), permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).

Vela relies on Amendment 9  to the United States Sentencing Guidelines, which went into effect on November 1, 2007.  Amendment 9 reduces the offense level for sentences related to cocaine base, i.e. "crack cocaine," in certain circumstances.  It was designed to reduce the "unwarranted disparity" between sentences for crack and sentences for powder cocaine.  See Press Release, U.S. Sentencing Commission, "U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses" (Dec. 11, 2007) (*available* at http://www.ussc.gov/PRESS/rel121107.htm).

The United States Sentencing Commission has voted to apply Amendment 9 retroactively, and has set March 3, 2008 as the effective date for retroactivity.  Id.  Based on the March 3, 2008 retroactivity date, Vela's motion is premature at this time.

Moreover, from the Court's review of the record and, in particular, Vela's Presentence Investigation Report ("PSR"), it is evident that Vela is not entitled to relief under Amendment 9. Vela was convicted of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, *not* cocaine base or crack cocaine.  (See PSR at ¶¶ 1, 23-24.)  Additionally, there was no relevant conduct in her case that stemmed from crack cocaine or cocaine base.  (See PSR at ¶¶ 4-19, 24.)  Indeed, there is no mention of cocaine base or crack cocaine at all in Vela's PSR. Accordingly, Amendment 9 is inapplicable in Vela's case and she is not entitled to relief.

For the foregoing reasons, Vela's motion to reduce (D.E. 70)  is DENIED.  Additionally, Vela's motion to proceed *in forma pauperis* is DENIED AS MOOT.  There is no filing fee to file a motion in a criminal case, so *in forma pauperis* status is unnecessary.

It is so ORDERED this 19th day of February, 2008.

_____
Janis Graham Jack
United States District Judge