IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-169 |
| | § | C.A. No. C-08-89 |
| ARACELY VELA, | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER

On March 21, 2008, the Clerk received Movant Aracely Vela's ("Vela") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 73)[1] as well as a motion to proceed *in forma pauperis*. (D.E. 74.)

**I.     Order for Government to Respond and Briefing Schedule**

It is now ORDERED that the United States answer the § 2255 motion not later than sixty days after the entry of this Order. As part of its answer, the government should address the effect of Vela's waiver of his right to file a § 2255 motion, which was contained in his written plea agreement. (D.E. 30.) In particular, the government shall address: (1) whether the record supports the conclusion that the waiver was knowing and voluntary; (2) whether the waiver is enforceable; and (3) whether the waiver precludes Vela from bringing all of the grounds in his motion. See generally United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver of § 2255 rights "only when the claimed assistance directly affected the

---

[1] Dockets entries refer to the criminal case, C-06-cr-169.

1

validity of that waiver or the plea itself"); United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

If there are claims in his motion that are not barred by the waiver, the United States' response shall address those claims on their merits.

It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2007), Vela may file a reply not later than thirty days after service of the government's answer.

## II.     Motion to Proceed *in forma pauperis*

Vela has also filed an application to proceed *in forma pauperis*. (D.E. 74.) For purposes of filing fees, a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motion and indicating that it is not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status in this matter. Vela's motion to proceed *in forma pauperis* (D.E. 74) is therefore DENIED AS MOOT.

**III.    Conclusion**

As set forth above, the government is ordered to respond to Vela's § 2255 motion and Vela is entitled to file a reply. Vela's motion to proceed *in forma pauperis* (D.E. 74) is DENIED AS MOOT.

It is so ORDERED this 25th day of March, 2008.

_____
Janis Graham Jack
United States District Judge